IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL W. MCDANIEL, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00649 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MR. CAMPBELL, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Michael W. McDaniel is an Virginia inmate in the custody of the Virginia Department of Corrections. Proceeding *pro se*, he filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Virginia. Because his complaint describes events that occurred at Augusta Correctional Center ("ACC"), within the geographic boundaries of this court, that court transferred the action here. (Dkt. No. 5.) McDaniel's complaint names two defendants, Mr. Campbell and Mr. Norris, both of whom he identifies as "Farm Employees" at ACC.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to McDaniel's complaint, as it is currently pled, the

court concludes that the entirety of his complaint is subject to dismissal pursuant to § 1915A(b)(1). Thus, his complaint will be dismissed. In light of McDaniel's status as a *pro se* litigant, though, the court will give him an opportunity to amend his complaint.

## I. BACKGROUND

McDaniel's complaint describes an incident in which his hand was injured while he was working with the two defendants at the ACC farm. He describes the incident as follows:

> On 11-9-21, I inmate Michael McDaniel was at work at [ACC] on the farm. Mr. Campbell and Mr. Norris [were] my supervisors. Mr. Norris got on tractor and we moved a bundle of lumber with [the] front forks of tractor. We put the lumber inside shed and I and Mr. Campbell placed 4x4 boards under [the] lumber to keep off [the] ground so forks could get under again. Mr. Campbell and I were inside [the] shed placing 4x4 boards under [the] lumber. Mr. Campbell instructed me to move [the] 4x4 blocks closer to the forks of loader under the bundle of lumber. [A]s I was moving 4x4 blocks under the bundle of lumber, the tractor operator Mr. Norris let the loader forks down smashing my left finger and partial hand bruise. I [hollered] and the loader moved upward and I pulled my hand out to find my hand hurting and bleeding tremendously. Mr. Norris[,] the tractor operator[,] stated to me, "I didn't see you." [H]e knew I was there and he should not have lowered the front end loader until I was away safely. I was then taken inside of [ACC]'s Medical Department and . . .

(Compl. at 4, Dkt. No. 1.) Although the facts end with an "and," there were not additional pages or any other allegations included in McDaniel's complaint.[1]

---

[1] McDaniel subsequently sent a letter addressed to a former judge of the Eastern District of Virginia, after whom the Alexandria courthouse is named (Albert V. Bryan, Jr.), which contained additional factual allegations. It is not clear to this court if the additional allegations were intended to be separate claims or to provide additional background information regarding his work on the farm. McDaniel did not separately move to amend, however, and so the court does not treat those allegations as part of the complaint. Even if the court considered those additional allegations as a type of supplemental complaint, however, they do not change the result of the court's review.
  The allegations that relate to the incident itself are discussed in the text of this opinion. As to other allegations in the letter, the letter explains that McDaniel was sent back to work on the farm staring on December 21, 2021, but that he did not feel comfortable working there because he was afraid of getting hurt again. He states that he was given a chainsaw to cut trees, but he was not given any safety equipment. He does not allege that he was injured nor does he indicate whether he continued to operate the chainsaw as directed or declined to do so. (Ltr. at 1, Dkt. No. 4.)

In a separate letter received twenty days after his complaint was filed, McDaniel reiterates some of the same allegations. He accuses Mr. Norris of being "somewhere else on that day and other days at work," which appears to be a reference to Mr. Norris's mind not being focused on his work, rather than his being physically elsewhere. (Ltr. at 2, Dkt. No. 4.) McDaniel reiterates twice that he was hurt because of Mr. Norris's negligence. He also refers generally to the farm as having "many safety violations." (*Id.*) He emphasizes that he was on his knees as directed by Mr. Campbell, and that Mr. Norris should not have lowered the lumber until McDaniel was "safely done and out of the way." (*Id.*)

Lastly, McDaniel states in his letter that he cannot bend his finger and he is experiencing "no feeling due to nerve damages." (*Id.*) He states that he is "now clearly disabled in that finger." (*Id.*)

## II. DISCUSSION

Upon review of McDaniel's complaint (and even treating the additional allegations in his letter as part of the complaint, *see supra* note 1), McDaniel's current allegations fail to state a constitutional violation. In particular, McDaniel explicitly—and repeatedly—alleges that Mr. Norris's actions were the result of negligence and Mr. Norris's failure to pay attention, and negligence alone cannot support an Eighth Amendment claim. Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. *Daniels v. Williams,* 474 U.S. 327, 335–36 (1986) (concluding that plaintiff could not make out a Fourteenth Amendment claim based on a correctional deputy's negligent conduct in leaving a pillow on the stairs, which

---

His letter also describes the "morning hours" on the date of the incident, November 9, 2021. (*Id.*) He states that he was fixing a fence with Mr. Norris, that he had to refresh Mr. Norris's memory, and that Mr. Norris was "clearly negligent" on the tractor, when he spilled a load of materials on the front end loader of the tractor. (*Id.*)

3

resulted in plaintiff slipping and being injured). Therefore, defendants' negligent actions do not give rise to a claim actionable under § 1983.

To the extent that McDaniel's claim could be construed as an Eighth Amendment claim based on unconstitutional conditions, McDaniel must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To satisfy the second element here, McDaniel would have to show both that the defendants were *actually* aware of a serious risk of significant harm to McDaniel by lowering the forklift (or by not employing some unspecified additional safety measure), and that they acted with deliberate indifference to that risk. McDaniel's complaint does not include facts that would support either of these elements. Indeed, McDaniel states—in both his complaint and his letter—that Mr. Norris said he did not see him.[2] Although his complaint alleges in conclusory fashion that Mr. Norris "knew" he was there, McDaniel offers no facts to support that assertion.

Other courts have held that similar allegations failed to state a constitutional claim. *See, e.g.*, *Busch v. Morris*, 103 F. App'x 69, at *1 (8th Cir. 2004) ("[E]ven if defendants knew inmates could be injured from using wood thicker than 1 inch in the drill press, this knowledge was insufficient to find defendants were deliberately indifferent to a serious issue of workplace safety."); *Stephens v. Johnson*, 83 F.3d 198, 200–01 (8th Cir. 1996) (reasoning that failure to

---

[2] To the extent he is blaming "safety violations" generally, McDaniel does not identify any specific safety violation that existed before this incident, that defendants were aware of, and that resulted in his injuries.

provide steel-toed boots and other safety equipment was negligence not deliberate indifference); *Brent v. McQuiggin*, No. 2:09-cv-168, 2010 WL 3720010, at *4 (W.D. Mich. Sept. 17, 2010) (holding that the prisoner's allegation that his finger was cut off in meat/bread machine because he was not properly trained and was not given the required gloves did not amount to a constitutional violation); *Arnold v. S. C. Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (granting summary judgment for defendants, the prisoner-plaintiff's work supervisors, on his Eighth Amendment claim based that he sustained severe burns from a broken steam pot during work, despite evidence that defendants knew about the broken pot and had not fixed it, because plaintiff had failed to show "more than [an] ordinary lack of due care for the prisoner's . . . safety") (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *see also id.* at 112 (collecting authority and summarizing that "courts considering the existence of malfunctioning prison equipment have held that such conditions, even where prison officials are alleged to have known of them, do not rise to the level of a constitutional violation").

For all of the foregoing reasons, the court concludes that McDaniel's complaint fails to state a claim on which relief can be granted, and it must be dismissed. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint, if he so chooses.

To the extent that any of McDaniel's factual allegations can be interpreted as attempting to assert any state-law claims, the court declines to exercise jurisdiction over any such claims, given the dismissal of his federal claim. *See* 28 U.S.C. § 1367(c)(3).

## III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss McDaniel's amended complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  An appropriate order will be entered.

Entered: February 3, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge